UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

VAWN SMITH,

Plaintiff,

v.

BANNOCK COUNTY, IDAHO, a
political subdivision of the State of Idaho,

Defendant.

Case No. 4:23-00504-DCN

**MEMORANDUM DECISION
AND ORDER**

## I. INTRODUCTION

Before the Court is Defendant's Motion for Summary Judgment. Dkt. 12. Defendant

Bannock County, Idaho, seeks summary judgment on Plaintiff Vawn Smith's Fifth

Amendment and Idaho constitutional takings claims. Because the Motion presented

potentially novel issues of Idaho law, the Court ordered supplemental briefing on a list of

questions in advance of the hearing. Dkt. 23. The Court held a hearing on December 10,

2025. Dkt. 26. Because the Court finds that there is no genuine dispute of material fact as

to whether Bannock County took Smith's property within the meaning of the Fifth

Amendment, the Court GRANTS the Motion and enters judgment in favor of the County.

## II. BACKGROUND

Plaintiff Vawn Smith owns property in Bannock County. DEG, a real estate

developer, owns a neighboring parcel with an easement appurtenant over the westernmost

30 feet of Smith's property, forming a road called "Deer Reserve Drive." DEG began the

process of developing its parcel into a subdivision in 2020. On August 25, 2020, Defendant

**MEMORANDUM DECISION AND ORDER - 1**

Bannock County approved a Final Plat which noted that Deer Reserve Drive would be dedicated upon completion of improvements. Dkt. 12-1, at 2. Smith never sought judicial review or otherwise challenged the Plat, although it is unclear when Smith knew the Plat purported to dedicate Deer Reserve Drive. DEG improved Deer Reserve Drive over the next two years. In October 2022, DEG dedicated Deer Reserve Drive to the County, and the County accepted. *Id.* Smith did not seek judicial review of the County's acceptance of the dedication.

At that point, Smith began to interfere with Deer Reserve Drive. DEG filed an action to quiet title and abate a nuisance on Deer Reserve Drive in August 2023. While that case was pending, Smith filed this suit against the County, alleging the County committed a taking by accepting DEG's dedication. Dkt. 1.[1]

The state court subsequently entered a memorandum decision and order granting partial summary judgment to DEG, finding it owned an easement over Deer Reserve Drive. The parties to the state court case eventually agreed to a stipulated judgment, which included terms that DEG owned an easement over Smith's property and the easement could be accessed by anyone for any reason associated with accessing the property. The stipulated judgment does not state whether Deer Reserve Drive is a public road.

After the state court entered its memorandum decision and order, the County moved for summary judgment in this case, arguing the state court summary judgment mooted this case, and in any event, the acceptance of a dedication cannot constitute a taking. The Court

---

[1] Smith's Complaint includes three interrelated causes of action: (1) Declaration Judgment, (2) Fifth Amendment Takings, and (3) Takings under the Idaho Constitution. Dkt. 1, at 4–6.

MEMORANDUM DECISION AND ORDER - 2

held an initial hearing on January 28, 2025, where it raised the issue of whether abstention was appropriate and ordered supplemental briefing. Dkt. 17. After the state court entered its stipulated judgment, this Court again ordered supplemental briefing posing several questions to the parties. These questions fell into two categories: first, did the stipulated judgment dispose of any or all the issues in this case? And second, what is the legal nature of DEG's attempted dedication of an easement interest, and what happens if it fails?

The Court held a second hearing on December 10, 2025, addressing the impact of the stipulated judgment and related supplemental briefing. The matter is ripe for review.

## III. LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's role at summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Zetwick v. Cty. of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017) (citation modified). In considering a motion for summary judgment, the Court must "view[] the facts in the non-moving party's favor." *Id.*

The movant has the initial burden of showing through the pleadings, depositions, answers, admissions, and (potentially) affidavits that no genuine issues of material fact exist as to a challenged claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant meets this burden if it can point to a legal defect in the nonmovant's theory, competent evidence contradicting the nonmovant's claims, or (if the nonmovant bears the burden of proof on the challenged issue) the nonmovant's inability to produce evidence in

MEMORANDUM DECISION AND ORDER - 3

discovery to support its claims. *See id.*; *see also Bosse v. I.D.O.C.*, 2021 WL 1820639, at *2 (D. Idaho May 5, 2021).

If the movant carries its initial burden, the burden shifts to the nonmovant to come forward with evidence tending to prove the challenged claim. *Id.* at 322–23. If the nonmovant does so, the burden shifts back to the movant to show that the nonmovant's evidence does not create a genuine issue of material fact. An issue is genuine if a reasonable trier of fact could find for either party on that issue. An issue is material if, in the context of the Court's summary judgment ruling as a whole, a favorable ruling on that issue could result in the nonmovant prevailing on its claim. To secure summary judgment, the movant must show that the nonmovant's evidence is insufficient to prove at least one essential element of its claim at trial. *Celotex*, 477 U.S. at 322–23.

## IV. DISCUSSION

The County brings a myriad of procedural arguments attacking Smith's ability to bring suit before addressing the merits. The Court will address those points first and then discuss the substance of Smith's takings claims.

### A.    Standing

The County argues the stipulated judgment deprives Smith of standing because he cannot show how the County's acceptance caused him an injury-in-fact, how the County caused his injury, or how the Court can redress that injury. Dkt. 12-1, at 4–6. Smith counters that his injury-in-fact is the County's wrongful assertion of dominion over his property, caused by the acceptance of an interest in land which he owns in fee, and which is redressable through an award of just compensation. Dkt. 13, at 12–13. Smith is correct.

MEMORANDUM DECISION AND ORDER - 4

If it is true that the County appropriated an easement over his property, and if he is entitled to just compensation for that appropriation, the County has committed a per se taking entitling Smtih to just compensation. *See Cedar Point Nursery v. Hassid*, 594 U.S. 139, 147–50 (2021). Smith, therefore, has standing to pursue his claims.

### B. Rule 19

The County next argues Smith's case should be dismissed because he failed to join an indispensable party: DEG. Dkt. 12-1, at 10–13. The County contends Smith's suit threatens DEG's rights and may result in obligations inconsistent with the stipulated judgment. The County further suggests DEG cannot be feasibly joined at this point due to res judicata emanating from the state litigation and by the statute of limitations. Smith argues DEG will not be affected by the litigation and that the Court could join them.

Federal Rule of Civil Procedure 19(a)(1) provides that a party is necessary if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or
(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
(i) as a practical matter impair or impede the person's ability to protect the interest; or
(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

DEG's absence would not prevent the Court from according complete relief to Smith or the County, because DEG's presence would not impact whether the Court can order the County to pay just compensation or determine no taking occurred. *See* Fed. R. Civ. P. 19(a)(1)(A). Nor would DEG's absence leave Smith or the County subject to a substantial risk of inconsistent or multiplied obligations. Smith will not be subjected to new

**MEMORANDUM DECISION AND ORDER - 5**

obligations whether he wins or loses. The only way the County's obligations might change, meanwhile, is if the Court determines that the dedication was ineffective, thereby *relieving* the County of its current maintenance obligations.

While ruling that the dedication failed might impact DEG—insofar as it would resume maintenance obligations of Deer Reserve Drive—DEG's interest would not be impaired *as a practical matter* because it agreed not to interfere with these proceedings as part of the settlement agreement in the state court case. Dkt. 24-1, at 196. Section 2 of the Settlement Agreement and Mutual Release provides:

> Plaintiffs [i.e., DEG] agree not to oppose or interfere with the Smith' efforts to have Bannock County vacate Deer Reserve Drive as a county road under Idaho Code § 40-203 as requested by the Smiths in their current federal action against Bannock County in the U.S. District Court for the State [*sic*] of Idaho Case No. 4:23-cv-504-DCN (the 'Federal Action').

*Id*. DEG agreed to waive its right to "oppose or interfere" with this action *after* the Motion for Summary Judgment, the Response, and the Reply was filed. The risk of DEG being required to resume maintenance obligations was raised in the Motion for Summary Judgment. Dkt. 12-1, at 12. Thus, DEG was aware, or should have been aware, of that risk when it contracted away its interest in this action. DEG's interests would not, therefore, be impaired as a practical matter.[2] Because DEG is not a necessary party, the Motion is DENIED with respect to the County's Rule 19 objection.

---

[2] For the same reason, if DEG was a necessary party and joinder was not feasible, the Court would not dismiss the case because equity and good conscience would not support dismissal where the absent party contracted away its right to intervene.

MEMORANDUM DECISION AND ORDER - 6

### C.  Failure to exhaust.

Next, the County alleges Smith failed to exhaust by failing to seek judicial review of the County's approval of DEG's Plat. Dkt 12-1, at 8–10. Smith argues recent Supreme Court precedent makes clear that a plaintiff need not exhaust state remedies prior to filing suit for inverse condemnation. Dkt. 13, at 13–14. Smith is correct. While the Supreme Court previously required inverse condemnation plaintiffs to exhaust state judicial remedies prior to filing suit in federal court, the Supreme Court abolished that requirement in 2019. *Knick v. Twp. of Scott, Pennsylvania*, 588 U.S. 180, 185 (2019). Plaintiffs are not required to exhaust state remedies—administrative or judicial—prior to filing suit in federal court. *Id.*

### D.    Mootness

The County's final procedural objection avers the stipulated judgment moots this case because all feasible uses of Deer Reserve Drive are now open to the public. Dkt. 25, at 3–7. Smith argues this case is not moot because the County still asserts that Deer Reserve Drive is a public road, and further argues that *res judicata* is inapplicable for lack of identity of claims. Dkt. 24, at 5–8. Smith is again correct. While the stipulated judgment makes clear that few—if any—people can ever be excluded from Deer Reserve Drive, it does not answer the legal question of whether the easement now belongs to DEG or the County, and if the latter, whether Smith is entitled to just compensation. Because Smith still has a colorable right of relief against the County, this case is not moot.

Having thus resolved each of the County's procedural arguments, the Court moves next to Smith's substantive claims.

MEMORANDUM DECISION AND ORDER - 7

### E. Takings Claims

Smith argues that the County took his property per se in violation of federal law and the Idaho constitution. To state a Fifth Amendment per se takings claim, the plaintiff must show that the Government has physically acquired plaintiff's private property rights, and the Government has not paid just compensation. *Cedar Point Nursery*, 594 U.S. at 147. Under Idaho law, an inverse condemnation action must be "(1) instituted by a property owner who (2) asserts that his property, or some interest therein, has been invaded or appropriated (3) to the extent of a taking, (4) but without due process of law, and (5) without payment of just compensation." *Covington v. Jefferson Cnty.*, 53 P.3d 828, 831 (Idaho 2002). "An inverse condemnation action cannot be maintained unless an actual taking of private property is established." *Id.*

The County has moved for summary judgment on Smith's taking claims asserting that its acceptance of a valid dedication cannot give rise to a taking. Dkt. 12-1, at 7–8. The County analogizes acceptance of a dedication to recording a deed from someone other than the true owner. If a person records a deed from a grantor without lawful title, the County argues the true owner's rights in the property are not affected. Likewise, if the dedication was invalid, the County receives nothing and has, therefore, taken nothing. Smith counters that Idaho law requires a party who dedicates a parcel to possess fee title to the property *and* specifies that a public body which accepts a dedication thereby takes title in fee simple. Dkt. 13, at 7–12. The County's resolution accepting the dedication is the only act which Smith argues and presents evidence of, at summary judgment, to show the County took his property.

MEMORANDUM DECISION AND ORDER - 8

Whether the County's actions could legally constitute a taking in the first place is debatable. Although appropriating an access easement from an otherwise unencumbered property is a taking, *see Cedar Point Nursery*, 594 U.S. at 150, Smith's ownership of the land under Deer Reserve Drive is encumbered by a *pre-existing* easement—the rights to which he does not own. His property rights over Deer Reserve Drive do not include the right to exclude the lawful owners of the easement. To the extent the County accepted something Smith did not own from the person who did, the County arguably cannot be said to have taken Smith's property at all.[3]

But although DEG owned the easement interest, it did not own the right to unilaterally dedicate that interest. Under Idaho law, only the true owner of a parcel—as opposed to one with a mere right of access—may dedicate the parcel to public use. *Farrell v. Bd. of Comm'rs, Lemhi Cnty.*, 64 P.3d 304, 384–85 (Idaho 2002), *overruled on other grounds by City of Osburn v. Randel*, 277 P.3d 353 (Idaho 2012); *Lattin v. Adams Cnty.*, 236 P.3d 1257, 1261 n.3 (2010), *abrogated in part on other grounds by E. Side Highway Dist. v. Delavan*, 470 P.3d 1134 (Idaho 2019). Moreover, "[a]n appurtenant easement is incapable of existence or separation from that dominant estate, and any attempt at

---

[3] Smith maintains that DEG's dedication conferred fee simple title on the County because, under Idaho Code Section 40-2302, the default estate accepted by a dedication is fee simple. The Court rejects Smith's theory for two reasons. First, under bedrock principles of property law, "ordinarily a grantee acquires nothing more than the grantor owns and can convey." *Ross v. Dorsey*, 303 P.3d 195, 200 (Idaho 2013). And second, although Idaho Code Section 40-2302 indicates that public entities can accept in fee simple by default, it simultaneously authorizes the entity to accept a lesser estate. Moreover, the Idaho Supreme Court has consistently held that dedications of rights-of-way convey an easement interest by default: *See, e.g.*, *Ponderosa Homesite Lot Owners v. Garfield Bay Resort, Inc.* ("*Ponderosa II*"), 146 P.3d 673, 675 (Idaho 2006) ("Once common law dedication is accomplished, it has the legal effect of creating an easement in favor of the lot purchasers."). Accordingly, the Court holds that if DEG lacked the capacity to dedicate the easement, the purported dedication is void and passes no title.

MEMORANDUM DECISION AND ORDER - 9

severance must fail." *Lorenzen, Tr. of Phyllis E. Lorenzen Revocable Tr. v. Pearson*, 470 P.3d 1194, 1202 (Idaho 2020).

DEG's attempt to convey its easement appurtenant was, therefore, void. DEG held an easement appurtenant over Smith's property. Because an easement appurtenant cannot be severed from the dominant estate, and because only the fee holder can dedicate a road for public use, DEG's purported dedication of Smith's portion of Deer Reserve Drive is void. The County's purported acceptance of DEG's dedication is, therefore, void as well. The void dedication and acceptance passed no title, leaving the property rights where they were prior to DEG's attempted dedication. Smith thus remains the owner of the western 30 feet of his property to the centerline of Deer Reserve Drive, subject to the easement described by the stipulated judgment. In the absence of any other argument or evidence of a taking, the Court finds that Smith's property was not taken as a matter of law. Because Smith fails to make out the first element of a takings claim under federal or Idaho law, the County is entitled to summary judgment on Counts Two and Three of the Complaint, and its Motion is GRANTED.

### F. Declaratory Relief

Smith seeks a declaration invalidating the County's decision to declare Deer Reserve Drive a public road. Dkt. 24, at 9–10. Although the County does not affirmatively endorse Smith's request, it explicitly suggests the Court could award it summary judgment by finding that the dedication is void. Dkt. 12-1, at 7–8. Both parties have, therefore, had notice and an opportunity to respond to the possibility that the Court might grant Smith's

request for declaratory relief on that theory. Such a declaration would, therefore, be appropriate at this time. *See* Fed. R. Civ. P. 56(f).

The Declaratory Judgment Act permits federal courts to declare the rights of the parties when "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).

Here, there is a substantial controversy in the form of a takings dispute which depends, in part, on whether a conveyance passed good title to the County. The parties are adverse insofar as Smith's preferred outcome would be a finding that his property was taken by the County, and the County's preferred outcome would be a finding that it did not take Deer Reserve Drive. The present controversy is immediate and real because it has ripened to a non-frivolous Complaint and Motion for Summary Judgment. And while the Court's findings are sufficient to dispose of Smith's takings claims, Smith nonetheless requests a declaration embracing the theory the Court used to get there in order to preserve the clarity of title. In the exercise of its discretion, and to avoid any further ambiguity regarding the County's claims to Deer Reserve Drive, the Court will reduce its holding above to a decree.

MEMORANDUM DECISION AND ORDER - 11

## V. CONCLUSION

Smith's takings claims fail because a dominant tenement holder's dedication of an easement appurtenant cannot, under Idaho law, pass fee title to a public entity which accepts the dedication. Because DEG's dedication of its easement interest in Smith's property was void, the County did not take his property. In the exercise of its discretion, the Court elects to reduce its conclusion to a declaration.

## VI. ORDER

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment (Dkt. 12) is GRANTED.

2. Plaintiff's request for a declaration that the dedication of Deer Reserve Drive is void is GRANTED. The Court's declaration will be set out in a separate judgment.

DATED: March 25, 2026

David C. Nye
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 12